UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER RODRIGUEZ, )<br>320 Peace and Plenty Lane )<br>Stephens City, Virginia 22655 )<br>                              )<br>         Plaintiff, )<br>v.                            )<br>                              )<br>HANOVER INSURANCE CO., )<br>Please Issue Summons: )<br>         Hanover Ins. Co. )<br>         c/o The Corporation Trust, Inc., Reg. Agent )<br>         351 West Camden Street )<br>         Baltimore, MD 21201 )<br>                              )<br>         Defendant. ) | Civ. No. |

## COMPLAINT

COMES NOW the Plaintiff, Christopher Rodrigues, by counsel, for his Complaint against Hanover Insurance Co., Defendant, and in support thereof states as follows:

*Parties*

1)   At all relevant times, Christopher Rodriguez ("Rodriguez") was a citizen and resident of the Commonwealth of Virginia.

2)   Upon information and belief, at all relevant times, Tchouli Gombo ("Gombo") was a citizen of the nation of Chad, and was employed on the staff of His Excellency the Ambassador from Chad, Bechir Mahamoud Adam.

3)   Upon information and belief, at all relevant times, Hanover Insurance Co. ("Hanover") was an insurance company duly formed in the State of New Hampshire and duly authorized to conduct business in the State of Maryland, including without limitation acting as the insurer of the Embassy of Chad, Gombo and/or of the vehicle Gombo was operating at the time of the collision described below.

4) Upon information and belief, at all relevant times, Hanover was acting under contract to insure the Embassy of Chad, Gombo and/or the vehicle Gombo was operating at the time of the collision described below.

*Jurisdiction and Venue*

5) This court has jurisdiction over this action under 28 U.S.C. §1332(a) and/or 28 U.S.C. §1364(a).

6) Venue is proper in this court under 28 U.S.C. §1391.

*Events*

7) On November 12, 2012, Rodriguez was a passenger in a vehicle stopped at a stoplight in or near Montgomery County, in the State of Maryland.

8) On that date, Gombo was operating a moving vehicle behind the vehicle in which Rodriguez was a passenger. Upon information and belief, the vehicle Gombo was operating was owned by the Embassy of Chad or was otherwise insured by Hanover.

9) Gombo negligently caused the front end of his moving vehicle to collide with great force into the rear end of the stopped vehicle in which Rodriguez was a passenger.

10) Gombo owed one or more duties to Rodriguez.

11) Gombo breached his duty or duties to Rodriguez.

12) As a direct and proximate result of Gombo's negligent breach of his duty or duties, Rodriguez suffered injuries and damages, including without limitation: a torn anterior cruciate ligament, torn meniscus, fragmentation of one or more bones in or near his knee, severe knee pain, knee swelling, lower back pain, restricted range of motion, immobility, muscle aches and pain, stress, anxiety, stiffness and soreness, medical expenses, future medical expenses, lost wages, future lost wages, and other pain and suffering.

## COUNT I - NEGLIGENCE

13) Rodriguez hereby incorporates paragraphs 1-12 above as if fully set forth herein.

14) Gombo was negligent in his operation of the vehicle he was driving on November 12, 2012. He owed one or more duties to Rodriguez, including without limitation:

    a) The duty to obey all of the laws enacted by the State of Maryland regarding operation of a motor vehicle;

    b) The duty to travel at an appropriate speed for the conditions in the traffic pattern around him;

    c) The duty to follow the car in front of him at an appropriate distance;

    d) The duty to stop when the vehicle in front of him was stopped; and/or

    e) The duty to stop at a traffic light turned red.

15) Gombo breached one or more of those duties, including without limitation by:

    a) Failing to obey the laws enacted by the State of Maryland regarding operation of a motor vehicle;

    b) Failing to travel at an appropriate speed for the conditions in the traffic pattern around him;

    c) Failing to follow at an appropriate distance the car in which Rodriguez was a passenger;

    d) Failing to stop when the vehicle in front of him, which contained Rodriguez, stopped at a red stop light; and/or

    e) Failing to stop at a red traffic light.

16) As a direct and proximate result of Gombo's breach of one or more of the duties he owed to Rodriguez, Rodriguez suffered injuries and damages as set forth above.

WHEREFORE, Plaintiff Christopher Rodriguez hereby requests that the Court find in his favor; and that the Court grant him judgment against the Defendant, Hanover Insurance Co., in the amount of $400,000.00, plus costs and fees expended by him and/or on his behalf in furtherance of this suit, as well as post-judgment interest at the rate allowed by law; and that the Court grant him such other and further and general relief as the nature of the case and justice may require.

Respectfully Submitted,
CHRISTOPHER RODRIGUEZ,

BY: _____/s/_____
Marilyn Ann Solomon, Esq.
(PRO HACE VICE pending)
VSB#31501
Solomon Law Group
130 E. Cork Street
Winchester, Virginia 22601
(540)678-0569
Co-Counsel for Plaintiff

And
BY: _____/s/_____
Louis M. Leibowitz, Esq.
Law Offices of Louis M. Leibowitz, LLC
401 East Jefferson Street
Suite 201
Rockville, MD 20850
(301) 29-0224
Co-Counsel for Plaintiff