IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

CHRISTOPHER RODRIGUEZ

      Plaintiff,

v.

HANOVER INSURANCE CO.

      Defendant.

Case No.: GJH-14-01478

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum and Order addresses Defendant's Motion to Dismiss and/or for Summary Judgment, ECF No. 7, and supporting memorandum, ECF No. 7-1, and Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF No. 8, and supporting memorandum ECF No. 8-1. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated below, Defendant's Motion to Dismiss and/or for Summary Judgment is denied.

## I.   BACKGROUND

This action arises out of a motor vehicle accident that occurred in Montgomery County, Maryland on November 12, 2012 that was allegedly caused by Tchouli Gombo ("Gombo"), a citizen of the nation of Chad and an employee of the Embassy of Chad. ECF No. 1 at ¶¶ 2, 7, 8. Christopher Rodriguez ("Plaintiff") was a passenger in a vehicle that was stopped at a red light when the vehicle he was in was rear-ended by Gombo. *Id.* at ¶¶ 2, 8. As a result of the collision,

Plaintiff suffered serious physical injuries.  *Id.* at ¶ 12.  The vehicle operated by Gombo was insured by the defendant, Hanover Insurance Co. ("Hanover").  *Id.* at ¶ 4.

Plaintiff has commenced this Negligence action against Hanover pursuant to 28 U.S.C. § 1364(a), which grants the federal district court "original and exclusive jurisdiction" over direct actions brought against any liability insurer "who by contract has insured an individual, who is . . . a member of a [diplomatic] mission," as defined in 22 U.S.C. § 254(a) of the Diplomatic Relations Act or in § 19 of the Convention on Privileges and Immunities of the United Nations of February 13, 1946.  *See* 28 U.S.C. § 1364(a)[1]; *see also* ECF No. 1 at ¶ 5.  Hanover moved to dismiss on various grounds, including that this Court lacks jurisdiction under § 1364(a).[2]  *See* ECF No. 7 at 2-4.  For the reasons stated herein, Hanover's Motion to Dismiss and/or for Summary Judgment is denied.

---

[1] Section 1364 provides:

(a) The district courts shall have original and exclusive jurisdiction, without regard to the amount in controversy, of any civil action commenced by any person against an insurer who by contract has insured an individual, who is, or was at the time of the tortious act or omission, a member of a mission (within the meaning of section 2(3) of the Diplomatic Relations Act (22 U.S.C. 254(a)(3))) or a member of the family of such a member of a mission, or an individual described in section 19 of the Convention on Privileges and Immunities of the United Nations of February 13, 1946, against liability for personal injury, death, or damage to property.

(b) Any direct action brought against an insurer under subsection (a) shall be tried without a jury, but shall not be subject to the defense that the insured is immune from suit, that the insured is an indispensable party, or in the absence of fraud or collusion, that the insured has violated a term of the contract, unless the contract was cancelled before the claim arose.

[2] Hanover lists four reasons why it believes dismissal of Plaintiff's complaint is warranted but does not specify which subsections of Fed.R.Civ.P. 12(b) warrant such dismissal. In addition to challenging this Court's jurisdiction under § 1364(a), the motion appears to address a failure to state a claim under subsection(b)(6) as well as improper venue under subsection (b)(3). Hanover's motion will therefore be evaluated against the standards governing these particular subsections of Fed.R.Civ.P. 12(b).

2

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Bhari Info. Tech. Sys. Private Ltd. v. Sriram*, 984 F. Supp. 2d 498, 501 (D. Md. 2013) (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Furthermore, "[t]he appropriate venue of an action is a procedural matter that is governed by federal rule and statutes." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) (citing Fed.R.Civ.P. 12(b)(3), 28 U.S.C. § 1391, and 28 U.S.C. § 1406(a)). A defendant may move to dismiss an action for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). In the Fourth Circuit, "when venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." *Jones v. Koons Auto., Inc.*, 752 F.Supp.2d 670, 679–80 (D. Md. 2010).

3

## III.   DISCUSSION

Section 1364 was enacted in 1978 as part of the Diplomatic Relations Act (the "Act"), Pub.L. No. 95–393, 92 Stat. 808 (1978).  The Act, which constituted a substantial revision of the law of diplomatic immunity, contains three provisions which are of relevance to this lawsuit. First, "Section 5 of the Act[3] continues the long-standing concept of diplomatic immunity by providing for the dismissal of any action or proceedings brought against an individual entitled to such protection." *Windsor v. State Farm Ins. Co.*, 509 F.Supp. 342, 344 (D.D.C. 1981).  Second, Section 6 of the Act, now codified at 22 U.S.C. § 254e, requires members of diplomatic missions to acquire liability insurance for risks "arising from the operation in the United States of any motor vehicle, vessel, or aircraft."  Finally, Section 7 of the Act, codified at 28 U.S.C. § 1364, which forms the basis for this lawsuit, establishes a right of action on behalf of a person injured by a member of a diplomatic mission to proceed directly against the wrongdoer's insurer.  *See Gatti v. Tokio Marine Mgmt., Inc.*, No. 09-3248, 2010 WL 3037145, at *2 (D. Md. July 30, 2010) ("28 U.S.C. § 1364 allows the victim of a diplomat tortfeasor to bring a direct action against the diplomat's insurer.").  These provisions "were meant to correct the inequity which would arise when a person was injured by a member of a diplomatic mission and subsequently left without a remedy because the wrongdoer was entitled to diplomatic immunity." *Urlic v. Am.*

---

[3] Section 5 of the Act has been codified at 22 U.S.C. s 254d (Supp. II 1978) and provides:

> Any action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations, under section 3(b) or 4 of this Act, or under any other laws extending diplomatic privileges and immunities, shall be dismissed.  Such immunity may be established upon motion or suggestion by or on behalf of the individual, or as otherwise permitted by law or applicable rules of procedure

4

*Int'l Grp.*, No. 96-1177, 1997 WL 223076, at *1 (S.D.N.Y. May 1, 1997) (citing *Windsor*, 509 F.Supp. at 344–45 ("The Diplomatic Relations Act (the Act) was designed, in part, to deal with the inequities associated with the immunity of members of diplomatic missions in civil court proceedings.")). This inequity was remedied by (1) requiring diplomats to obtain insurance and (2) allowing injured persons to sue the diplomats' insurers directly. *See Windsor*, 509 F.Supp. at 345. Thus, the inequity the statute was intended to remedy is precisely the inequity Hanover's motion would seek to impose in this case.

Here, Plaintiff has brought a direct action of Negligence against Hanover. In support of the claim, Plaintiff has alleged that he was injured as a result of a collision negligently caused by Gombo; that Havover insured Gombo at the time of the accident and that Gombo is a diplomat from the African nation of Chad. *See* ECF No. 1 at ¶¶ 2-4. As such, Plaintiff contends that he has stated a direct cause of action against Hanover and that jurisdiction under § 1364(a) is proper. *Id.* at ¶ 5. Hanover disagrees. Hanover contends that Maryland "does not allow a direct suit by an alleged injured party against an insurance company for the alleged tort-feasor." ECF No. 7-1 at 2. Hanover further contends that jurisdiction under § 1364(a) is improper because Plaintiff has failed to adequately allege "that Mr. Gombo was a member of a mission that would be protected by 22 U.S.C. 254(a)(3)." *Id.* at 3. The Court rejects both contentions.

In support of its position that Plaintiff cannot bring a direct suit against an insurer, Hanover cites *Freed v. State Farm Auto. Ins. Co.*, 491 F. 2d 972 (5th Cir. 1974). While *Freed* does address the issue of a direct claim against an insurer, *Freed* is inapposite insofar as it did not involve the application of 28 U.S.C. § 1364(a) and, as explained above, § 1364(a) provides a direct cause of action against the insurer of a diplomat. *See* 28 U.S.C. § 1364(a). Thus, *Freed* is unhelpful to Hanover and its argument fails.

5

Hanover's argument that Plaintiff has not adequately alleged that Gombo was a member of a mission and therefore fails to establish jurisdiction under § 1364(a) also fails.  22 U.S.C. § 254a(3), the provision of the Diplomatic Relations Act referenced in 28 U.S.C. § 1364(a), explains that "the term 'mission' includes missions within the meaning of the Vienna Convention and any missions representing foreign governments, individually or collectively, which are extended the same privileges and immunities, pursuant to law, as are enjoyed by missions under the Vienna Convention."  *See* 22 U.S.C. § 254a(3).  In turn, Article 1 of the Vienna Convention defines "members of a mission" as "the head of the mission and the members of the staff of the mission."  Vienna Convention on Diplomatic Relations and Optional Protocol on Disputes art. 1, Apr. 18, 1961, 23 U.S.T. 3227, 1972 WL 122692.  Despite Hanover's contention that "[t]he only facts pled are that Mr. Gombo was operating a vehicle owned by the Embassy of Chad" (ECF No. 7-1 at 3), Plaintiff quite clearly alleges that "at all relevant times, [Gombo], was employed on the staff of His Excellency the Ambassador from Chad, Bechir Mahamoud Adam."  ECF No. 1 at ¶ 2.  Taking this allegation as true, as this Court must at this stage of the proceeding, Plaintiff has adequately alleged that Gombo was a staff member of the Embassy of Chad and thus a member of a mission protected by 22 U.S.C. 254(a)(3).  Accordingly, Plaintiff has adequately alleged jurisdiction under § 1364(a).[4]

Finally, Hanover contends that this case must be dismissed because venue is improper.  *See* ECF No. 7-1 at 3.  In essence, Hanover argues that Plaintiff cannot properly establish venue since it has not adequately pled facts to conclusively establish Hanover's residence.  *See id*; *see*

---

[4] Having concluded that Plaintiff has adequately alleged jurisdiction under § 1364(a), this Court need not address Hanover's argument that there is no diversity jurisdiction.  *See* ECF No. 7-1 at 2-3.  Once jurisdiction exists under § 1364(a), "[t]he district courts shall have *original* and *exclusive* jurisdiction" under this provision.  28 U.S.C. § 1364(a) (emphasis added).

*also* 28 U.S.C. § 1391(1) (venue proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"). For present purposes, however, Hanover's residency is irrelevant to establishing venue. Under § 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(2). Here, there is no dispute that the events giving rise to this action – the automobile collision purportedly caused by Gombo – occurred in Montgomery County, Maryland, which is found in the District of Maryland. *See* ECF No. 1 at ¶¶ 3, 7-9. Plaintiff has therefore carried its burden of showing that venue is proper, irrespective of Hanover's residency.

## VI.   CONCLUSION

Accordingly, for the aforementioned reasons, Defendant's Motion to Dismiss and/or for Summary Judgment is DENIED.[5]

Dated: <u>July 7, 2014</u>                   <u>        /s/        </u>
                                        George Jarrod Hazel
                                        United States District Judge

---

[5] Although Hanover fashions its current motion as one to dismiss and/or for summary judgment, the Court has treated it only as a motion to dismiss. Where the parties present matters outside of the pleadings and the court considers those matters, the motion is treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b). Here, the parties have *not* presented this Court with any materials outside the pleadings, nor has the Court considered any. In its Reply Memorandum, Plaintiff does raise seemingly hypothetical scenarios which, if later supported by evidence, may or may not constitute an argument to be considered under a summary judgment standard. *See* ECF No. 11 at ¶¶ 3-4. At this juncture, however, the Court will not convert this to a motion for a summary judgment and has decided this matter on the pleadings.