FILED
U.S. DISTRICT COURT
**IN THE UNITED STATES DISTRICT COURT** DISTRICT OF MARYLAND
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

2016 FEB 19  P 4: 03

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

| | | |
|---|---|---|
| **CHRISTOPHER RODRIGUEZ,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No.: GJH-14-01478** |
| **v.** | * | |
| | * | |
| **HANOVER INSURANCE CO., et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

### MEMORANDUM OPINION

Plaintiff Christopher Rodriguez brings this suit against Hanover Insurance Co.

("Hanover") and Allmerica Financial Benefit Insurance Company ("Allmerica"), alleging that

the insurance companies are liable for damages Rodriguez suffered in an automobile accident

with an employee of the Embassy of Chad. ECF No. 37. This Memorandum Opinion and

accompanying Order address Plaintiff's Motion for Partial Summary Judgment, ECF No. 56, and

Defendant Hanover's Cross-Motion for Summary Judgment, ECF No. 57. A hearing is

unnecessary. Loc. R. 105.6 (D. Md. 2014). For the reasons stated below, Plaintiff's Motion for

Partial Summary Judgment is GRANTED and Defendant Hanover's Cross-Motion for Summary

Judgment is GRANTED.

### I.　BACKGROUND

On November 12, 2012, Christopher Rodriguez was a passenger in a vehicle stopped at a

stoplight in Montgomery County, Maryland. ECF No. 37 at ¶ 8. Tchouli Gombo, who was

operating a vehicle owned by the Embassy of Chad ("Embassy"), collided with the rear of the

vehicle that Rodriguez occupied.[1] *Id.* at ¶¶ 9–10. At the time of the accident, Gombo held the position of Press Secretary at the Embassy, where he was responsible for "counselor administrative protocol." ECF No. 56-1 at 12.[2] In the same month this litigation was initiated, Gombo became a counselor and political coordinator for the Embassy to the United Nations Security Council. *Id.* at 11.

Rodriguez filed a negligence action against Hanover on May 2, 2014. ECF No. 1. After taking some discovery, Rodriguez amended his Complaint to add Allmerica as a defendant on November 12, 2014. ECF No. 37. Defendant Allmerica is a wholly-owned subsidiary of Defendant Hanover. ECF No. 56-1 at 96.

## II.    DISCUSSION

### A. Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts view the record as a whole and in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). While the movant bears the burden of demonstrating the absence of a genuine issue of material fact, it is the non-moving party's burden to establish the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202

---

[1] The descriptions of the seriousness of the accident and the injury suffered by Rodriguez vary widely between the parties. Resolution of that dispute is not necessary to decide this motion.

[2] For the citations in this Memorandum Opinion, the Court uses the page numbers assigned to the document from CM/ECF or PACER.

(1986)). The non-moving party must present evidence that is "significantly probative" and more than a "mere scintilla." *Celotex Corp.*, 477 U.S. at 327. "The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its 'affirmative obligation to prevent "factually unsupported claims or defenses" from proceeding to trial.'" *Williams v. Silver Spring Volunteer Fire Dep't*, No. GJH-13-02514, 2015 U.S. Dist. LEXIS 5529, at *7 (D. Md. Jan. 16, 2015) (quoting *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

### B. Plaintiff's Motion for Partial Summary Judgment

Under 28 U.S.C. § 1364, district courts have original and exclusive jurisdiction of "any civil action commenced by any person against an insurer who by contract has insured an individual, who is, or was at the time of the tortious act or omission, a member of a mission (within the meaning of section 2(3) of the Diplomatic Relations Act (22 U.S.C. 254a(3)))." 28 U.S.C. § 1364(a) (2012). Defendants argue that "there is a genuine issue of fact as to whether a press secretary was a 'member of the mission.'" ECF No. 57 at 3. Defendants are incorrect. The *fact* that Gombo was a press secretary is not in dispute. Whether that meets the statutory definition of "member of a mission" is a question of law for the Court.

According to the Diplomatic Relations Act, a "mission" includes "missions within the meaning of the Vienna Convention and any missions representing foreign governments, individually or collectively, which are extended the same privileges and immunities, pursuant to law, as are enjoyed by missions under the Vienna Convention." 22 U.S.C. § 254a(3) (2012). "Members of a mission" includes (A) "the head of a mission and those members of a mission who are members of the diplomatic staff or who, pursuant to law, are granted equivalent privileges and immunities," (B) "members of the administrative and technical staff of a mission," and (C) "members of the service staff of a mission," as such terms are defined in Article 1 of the

Vienna Convention. 22 U.S.C. § 254a(1). Article 1 of the Vienna Convention defines the term "members of the administrative and technical staff" as "the members of the mission employed in the administrative and technical service of the mission." Vienna Convention on Diplomatic Relations art. 1, Apr. 18, 1961, 23 U.S.T. 3227.

Gombo was a press secretary in charge of "counsel administrative protocol," was assigned an Embassy vehicle, and possessed a diplomatic license. *See* ECF No. 56-1 at 12 ("I was a Press Secretary at the Embassy in Washington, DC. I was in charge of counselor administrative protocol."); ECF No. 56-1 at 16 ("A. It's a diplomatic driver's license. Q. How long have you had that? A. Since 2005."); ECF No. 56-1 at 27 ("Q. Okay. Who owns that vehicle? A. The Embassy. Q. Is it registered to the Embassy? A. Yes. Q. Does anyone else drive it but you? A. I'm the only driver of the car, because each of us have an official car given by the Embassy for the purpose of going to work and come back."). The Court therefore finds as a matter of law that at the time of the accident, Gombo was employed in the administrative and technical service of the mission and was therefore a member of the mission. Additionally, since May 2014, Gombo has been on staff as a "counselor and political coordinator for [the] Embassy to the United Nation at the Security council." ECF No. 56-1 at 11. As this also meets the definition of "member of the mission," Gombo both "is" and "was" a member of the mission and the Court has jurisdiction over this matter.

Finally, Defendant notes that Gombo "was going to his home in Silver Spring, Maryland at the time of the accident and was not on Embassy business," ECF No. 57 at 4, however, the plain language of 28 U.S.C. § 1364(a) (2012) does not contain a requirement that a diplomat be "on Embassy business." Accordingly, Plaintiff's Motion for Partial Summary Judgment on the issue of the Court's jurisdiction is GRANTED.

### C. Defendant Hanover's Motion for Summary Judgment

Although Plaintiff's motion for summary judgment only expressly seeks summary judgment on the jurisdictional issue, ECF No. 56 at 1, Plaintiff's memorandum also asks the Court to decide as a matter of law that both Hanover Insurance Co. and Allmerica Financial Benefit Insurance Company are proper defendants in this action, ECF No. 56-2 at 7. In response, Defendant Hanover has filed a Motion for Summary Judgment "on the issue of insurance," arguing that there "is no factual basis for asserting that 'Hanover Insurance Company' afforded an insurance policy to the Plaintiff," ECF No. 57 at 4. Plaintiff advances two primary arguments for its view that both defendants are proper parties: first, that evidence in the record, at the very least, raises a genuine issue of disputed fact as to each party's involvement in the issuance of the policy and, second, that Hanover is a proper party because it is the parent of Allmerica. Both arguments fail.

Plaintiff notes that Hanover "unequivocally stated, in response to no less than nine interrogatories, that its insured was the Embassy of Chad," ECF No. 56-2 at 7–8 (citing ECF No. 56-2, Ex. D), and that every page of the policy "clearly states 'Hanover Insurance Group' on the top right-hand corner," ECF No. 56-1 at 67. Additionally, Gombo named Hanover as the insurance provider of the vehicle he was driving during the incident. ECF No. 56-1 at 28 ("Q. Do you know about the insurance for the vehicle? A. Yes. Q. Who insures it? . . . A. It is Hanover Insurance.").

However, the policy itself states clearly that it was "ISSUED TO EMBASSY OF CHAD BY ALLMERICA FINANCIAL BENEFIT." ECF No. 56-1 at 77.[3] Additionally, Defendants in their interrogatory responses state that Allmerica issued the policy, ECF No. 56-1 at 96–97, 101–

---

[3] There is an additional notation on each page that, while not entirely clear, also appears to indicate that Allmerica is the insurance provider. *See, e.g.*, ECF No. 56-1 at 67 (listing Allmerica under heading "coverage is provided in the [sic]").

02, and explain the relationship between Allmerica and Hanover, which explains why Hanover's name appears on the corner of each document despite the fact that Allmerica issued the policy, ECF No. 56-1 at 96–97 ("Allmerica Financial Benefit Insurance Company, a Michigan corporation, is a wholly owned subsidiary of the Hanover Insurance Company, a New Hampshire corporation. The Hanover Insurance Company is a wholly owned subsidiary of Opus Investment Management, Inc., a Massachusetts corporation, which is a wholly owned subsidiary of The Hanover Insurance Group, Inc., a Delaware corporation.").

Although the self-serving contentions of Hanover in depositions[4] and interrogatory answers are not conclusive, *see Gatti*, 2010 U.S. Dist. LEXIS 77242, at *9 (stating that the affidavit of a defendant's employee, along with its own unsupported contentions, are far from dispositive proof that defendant did not insure the plaintiff), in conjunction with the language of the Policy itself, the Court finds that no reasonable jury could determine that Hanover issued the policy.

As to Plaintiff's second argument, there is no dispute that Allmerica is a wholly-owned subsidiary of Hanover. ECF No. 56-2 at 8. However, given the Court's ruling that Hanover did not issue the policy, Allmerica, the actual insurer of the Embassy, is the only proper party. *See St. Paul Fire & Marine Ins. Co. v. Croker, Inc.*, 21 F. Supp. 2d 537, 541 (D. Md. 1998) (finding for purposes of determining jurisdiction, that subsidiary company that issued the policy was the proper party and not the parent company). Defendant Hanover's Motion for Summary Judgment on the issue of whether Hanover insured the Embassy is GRANTED and Hanover is DISMISSED from this case.

---

[4] Hanover employee, Ivan Grekov, also testified that Allmerica issued the policy. ECF No. 57-1 at 3.

### III.   CONCLUSION

For the reasons discussed, Plaintiff's Motion for Partial Summary Judgment on the issue of the Court's exclusive and original jurisdiction is GRANTED. Additionally, Defendant Hanover's Motion for Summary Judgment on the issue of whether Hanover insured the Embassy of Chad is GRANTED and Hanover is DISMISSED from this case. A separate Order follows.

Date: February 19, 2016

GEORGE J. HAZEL
United States District Judge